## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 14 2016, 10:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gregory L. Fumarolo
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Walter Ward, III, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 14, 2016 <br><br> Court of Appeals Case No. <br> 02A05-1604-CR-755 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. <br> 02D05-1506-F5-172 |

**Najam, Judge.**

## Statement of the Case

Walter Ward, III, appeals his sentence following his convictions for possession of cocaine, as a Level 5 felony; resisting law enforcement, as a Level 6 felony; being a habitual traffic violator, a Level 6 felony; and possession of paraphernalia, as a Class A misdemeanor; pursuant to a guilty plea. Ward presents a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offenses and his character. We affirm.

## Facts and Procedural History

On June 4, 2015, Detective M. Deshaies of the Fort Wayne Police Department attempted to initiate a traffic stop of Ward's Dodge Durango. Instead of stopping his vehicle, Ward attempted to evade Detective Deshaies by traveling at a high rate of speed. During the ensuing chase, Detective Deshaies saw Ward throw a baggie out of the vehicle. At some point, Ward, with some difficulty, exited the moving vehicle and attempted to flee Detective Deshaies on foot. Detective Deshaies ultimately stopped Ward by using a taser gun.

On July 6, Ward pleaded guilty as charged to possession of cocaine, as a Level 5 felony; resisting law enforcement, as a Level 6 felony; being a habitual traffic violator, a Level 6 felony; and possession of paraphernalia, as a Class A misdemeanor. Ward was accepted into drug court, and his successful completion of that program would have resulted in the dismissal of his charges. But after approximately seven months, Ward violated the conditions of the program, and the State filed a petition to terminate Ward's participation in drug

court.  Following a hearing, Ward was terminated from drug court, and the trial court conducted a sentencing hearing on March 8, 2016.  At the conclusion of the sentencing hearing, the trial court sentenced Ward to an aggregate five-year term.  This appeal ensued.

## Discussion and Decision

[4] Ward asserts that his sentence is inappropriate in light of the nature of the offenses and his character.  Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate.  *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006).  The principal role of appellate review is to "leaven the outliers."  *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).  A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review.  *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

[5] Here, Ward pleaded guilty to possession of cocaine, as a Level 5 felony; resisting law enforcement, as a Level 6 felony; being a habitual traffic violator, a Level 6 felony; and possession of paraphernalia, as a Class A misdemeanor.  A Level 5 felony carries a sentencing range of one to six years' imprisonment, with an advisory term of three years.  Ind. Code § 35-50-2-6(b) (2015).  A Level

6 felony carries a sentencing range of six months to two and one-half years' imprisonment, with an advisory term of one year. I.C. § 35-50-2-7(b). And a Class A misdemeanor carries a maximum one-year term. I.C. § 35-50-3-2. In ordering Ward to serve an aggregate five-year term, the trial court relied on the following aggravating circumstances: the nature and circumstances of the offenses and Ward's criminal history, which includes sixteen misdemeanor convictions, eight prior felony convictions, and "failed efforts at rehabilitation." Sent. tr. at 13. The court also identified the following mitigating circumstances: Ward's guilty plea; his show of remorse; and his acceptance of responsibility for his conduct.

[6] Ward has not met his burden on appeal to demonstrate that his sentence is inappropriate. Regarding the nature of his offenses, Ward points out that he "possessed only .3 grams of crack cocaine," and he alleges that he was "up[-] charged and convicted of a Level 5 felony based on a prior drug dealing conviction from 1997." Appellant's Br. at 18. Ward asserts that, "[g]iven the small quantity of crack cocaine involved and the age of the felony (which increased the level of offense from a Level 6 to a Level 5)," the offenses warrant a lesser sentence. *Id.* We cannot agree.

[7] As the State points out, Ward "showed no regard for public safety when he led Detective Deshaies on a high speed chase through Fort Wayne." Appellee's Br. at 7. And he further endangered the public when he exited the vehicle while it was still moving. These circumstances go beyond a typical possession offense.

We cannot say that Ward's sentence is inappropriate in light of the nature of his offenses.

[8] Neither is Ward's sentence inappropriate in light of his character. On this point, Ward emphasizes his acceptance into the drug court program and his "somewhat successful" participation in that program before being terminated. Appellant's Br. at 17. But, as Ward acknowledges, his criminal history is extensive, spanning decades and including eight prior felony convictions and failed attempts at rehabilitation. We cannot say that Ward's five-year sentence is inappropriate in light of his character. We affirm Ward's sentence.

[9] Affirmed.

Vaidik, C.J., and Baker, J., concur.